NO. 12-01-00272-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT


 

TYLER, TEXAS


 


ELMER EDWARD LEE,
§
 APPEAL FROM THE FOURTH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 RUSK COUNTY, TEXAS







MEMORANDUM OPINION
 

 Elmer Edward Lee appeals the trial court's order denying his motion for an in camera
inspection of evidence and his motion for forensic DNA testing. We dismiss for want of jurisdiction
in part and reverse and remand in part.


Background

 In 1996, a jury found Appellant guilty of intoxication manslaughter and assessed his
punishment at twenty years of incarceration. We affirmed Appellant's conviction on direct appeal.
Lee v. State, No. 12-97-00025-CR (Tex. App.-Tyler Nov. 24, 1997, no pet.) (not designated for
publication). The mandate was issued on January 14, 1998. 

 In May of 2001, Appellant filed a motion in the convicting court for forensic DNA testing
pursuant to Chapter 64 of the Texas Code of Criminal Procedure. See Tex. Code Crim. Proc. Ann.
arts. 64.01-64.05 (Vernon Supp. 2003). The trial court denied the application without an evidentiary
hearing. Subsequently, Appellant filed a motion for an in camera inspection of the physical evidence
remaining in the case which the trial court denied. 

 Appellant's counsel has filed an Anders brief stating that the appeal is wholly frivolous and
without merit. See Anders v. California, 386 U.S. 738, 87 S. Ct.1396, 18 L. Ed. 2d 493 (1967).
Counsel's brief contains a professional evaluation of the record demonstrating why he believes that
under the controlling authorities there is no error in the court's judgment. See High v. State, 573
S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978). Appellant has filed a pro se brief alleging,
in one issue, that the trial court erred by denying his motion for DNA testing and his motion for an
in camera inspection of the remaining evidence. (1) 


Appellant's Motion for In Camera Inspection

 Under Article V, section 6 of the Texas Constitution, this court has jurisdiction over "all
cases of which the District Courts or County Courts have original or appellate jurisdiction, under
such restrictions and regulations as may be prescribed by law." Tex. Const. art. V, § 6. When a
conviction has been affirmed on appeal, and the mandate has issued, general jurisdiction is not
restored in the trial court. State v. Patrick, 86 S.W.3d 592, 594 (Tex. Crim. App. 2002). The trial
court has special or limited jurisdiction to ensure that a higher court's mandate is carried out and to
perform other functions specified by statute, such as finding facts in a habeas corpus setting or
determining entitlement to DNA testing. Id. In his brief, Appellant cites no statutory provision or
any other source of authority that would authorize the trial court to grant his motion for an in camera
inspection of evidence at this stage in the proceedings, and we are aware of none. The trial court was
without jurisdiction to issue an order for an in camera inspection of evidence, and, therefore, this
court has no jurisdiction to consider said issue. See id. at 595. 


Appellant's Motion for DNA Testing Prior to the enactment of Chapter 64 of the Texas Code of Criminal Procedure, the trial court
would not have had jurisdiction to enter any order relating to post-conviction DNA testing. Id. at
596. However, Chapter 64 specifically returns jurisdiction to the trial court for the limited purpose
of determining eligibility for DNA testing. See id. Before ordering DNA testing under Chapter 64,
the trial court must find (1) that the evidence still exists, is in a condition making DNA testing
possible, and has been subjected to a sufficient chain of custody to establish its integrity; (2) that
identity was or is an issue in the case; and (3) that the convicted person establishes by a
preponderance of the evidence that a reasonable probability exists that the person would not have
been prosecuted or convicted if exculpatory results had been obtained through DNA testing and the
request for the proposed DNA testing is not made to unreasonably delay the execution of sentence
or administration of justice. See Tex. Code Crim. Proc. art. 64.03(a). After the convicting court
makes a determination under Chapter 64, with or without holding an evidentiary hearing on the
merits of the convicted person's motion, an appeal to the court of appeals is specifically authorized
by article 64.05. See Tex. Code Crim. Proc. Ann. art. 64.05.

 In the instant case, the trial court granted the State's motion to deny Appellant's motion for
DNA testing for want of jurisdiction. Because Chapter 64 specifically grants jurisdiction to the trial
court to hear motions for forensic DNA testing, this was error. 


Conclusion

 We dismiss the appeal of the trial court's denial of Appellant's motion for in camera
inspection of evidence for want of jurisdiction. We reverse the judgment of the trial court denying
Appellant's motion for DNA testing based on want of jurisdiction and remand the case to that court
for consideration of the merits of Appellant's motion in conformity with this opinion. We overrule
counsel's motion to withdraw. 


 JAMES T. WORTHEN 

 Chief Justice




Opinion delivered February 12, 2003.

Panel consisted of Worthen, C.J. and Griffith, J.


 






(DO NOT PUBLISH)
1. Even had Appellant not filed a pro se brief, we would be hesitant to presume that an Anders analysis is
appropriate for reviewing a trial court's findings on a motion for forensic DNA testing.